998 F.2d 1010
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Frankie Earl BIRTH, Defendant-Appellant.
 No. 92-5508.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 21, 1993.
July 6, 1993.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Chief District Judge. (CR-92-15-5)
 Thomas P. McNamara, Hafer, McNamara, Caldwell & Carraway, P.A., Raleigh, North Carolina, for Appellant.
 Margaret Person Currin, United States Attorney, Eric Evenson, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before MURNAGHAN, WILKINSON, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Frankie Earl Birth appeals his conviction by a jury of conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C.A. § 846 (West Supp. 1993). On appeal, Birth contends that the district court improperly refused to charge the jury on the affirmative defense of entrapment. Because we conclude that Birth did not meet his burden of presenting evidence sufficient to warrant the requested instruction, we affirm the conviction.
 
 
 2
 "[A] valid entrapment defense has two related elements: government inducement of the crime, and lack of predisposition on the part of the defendant to engage in criminal conduct." Mathews v. United States, 485 U.S. 58, 63 (1988). The defense places on the defendant the initial burden of presenting more than a scintilla of evidence establishing these elements. United States v. Blevins, 960 F.2d 1252, 1257 (4th Cir. 1992). If the defendant does not meet his burden, he is not entitled to an instruction on entrapment. United States v. Osborne, 935 F.2d 32, 38 (4th Cir. 1991).
 
 
 3
 To establish inducement, the defendant must introduce evidence of "excessive behavior on the part of the government that could be said to be so inducive to a reasonably firm person as likely to displace mens rea." United States v. De Vore, 423 F.2d 1069, 1072 (4th Cir. 1970), cert. denied, 401 U.S. 950 (1971). Evidence that government agents provided only the opportunity to commit the crime and that the defendant availed himself of that opportunity does not demonstrate inducement. Mathews v. United States, 485 U.S. at 66; see also Jacobson v. United States, 112 S. Ct. 1535, 1540-41 (1992).
 
 
 4
 "Predisposition is defined as a defendant's state of mind and inclinations before his initial exposure to government agents." United States v. Marren, 890 F.2d 924, 930 (7th Cir. 1989). A fundamental question regarding predisposition is whether the defendant possessed the necessary state of mind to commit the crime when government agents initially approached him. United States v. Blevins, 960 F.2d at 1257-58. An entrapment defense cannot succeed if the predisposition of the defendant is established. See United States v. Akinseye, 802 F.2d 740, 743 (4th Cir. 1986), cert. denied, 482 U.S. 916 (1987).
 
 
 5
 In the subject case, Birth clearly was predisposed to participate in a cocaine distribution scheme, and law enforcement officers did not improperly induce Birth's criminal activity. Kenneth Staton testified that on January 13, 1992, he overheard Birth and Butch Banks discussing Birth's holding prepackaged crack cocaine that Banks planned to send from New York to North Carolina. Staton joined in the conversation, and Banks said that he would have Birth distribute the crack to Staton, Kelvin Pitts, and others, who would sell the drug for $80 per package. Staton accompanied Banks to New York, where Banks purchased powder cocaine, which Banks then cooked, converting the powder to crack.
 
 
 6
 Banks gave the crack to Staton and Ian Jack, who on January 16 began a bus trip back to North Carolina. At a bus station in Raleigh, officers approached Staton, discovered the crack in a bag Staton was carrying, and arrested him. They explained substantial assistance to Staton, telling him that if he cooperated by naming others who might be involved, he could help himself. Staton agreed to cooperate and informed the officers that he was supposed to deliver the crack to Birth.
 
 
 7
 Officers took Staton to Rocky Mount. Hoping to have Birth come to meet Staton, officers instructed Staton to call Birth and tell him that he was at the bus station in Rocky Mount, had Birth's package, and wanted Birth to meet him at the station. The tape of the telephone conversation, which was introduced at trial, demonstrated that Birth clearly knew what package Staton was referring to. Birth had an acquaintance drive him to the station. As Birth approached the bus station, Staton walked up to him and handed him a bag. Birth was then arrested.
 
 
 8
 The above facts reveal neither government inducement causing Birth to join the conspiracy in the first instance nor lack of predisposition to commit a crime. See Mathews v. United States, 485 U.S. at 63. Law enforcement officers were not involved when the plan to have Birth hold and distribute drugs for Banks was formed. Birth was fully aware that Banks and Staton were traveling to New York to obtain crack, which Staton would then take back to North Carolina for delivery to Birth. Through Staton, the government on January 16 merely facilitated Birth's earlier decision to obtain the crack from Staton upon his return from New York. Birth simply did not meet his burden of presenting evidence establishing inducement or lack of predisposition, and the district court properly denied the request for an instruction on entrapment. See United States v. Blevins, 960 F.2d at 1257.
 
 
 9
 We accordingly affirm the conviction. As our review of the record and other material before us reveals that it would not substantially aid the decisional process, we dispense with oral argument.
 
 AFFIRMED